**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| BRAD EILERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| 21ST MORTGAGE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Brad Eilers brings this action to secure redress from unlawful credit and collection practices engaged in by defendant 21st Mortgage Corporation ("21MC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the discharge injunction in a bankruptcy case, as well as invasion of privacy.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1337 (commerce).

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff in this District;

   b. This case involves real property located in this District; and

   c. Defendant does or transacts business in this District.

1

**PARTIES**

5. Plaintiff Brad Eilers is a resident of Sterling, Illinois.

6. Defendant 21MC is a Delaware Corporation with its principal offices at 620 Market Street, Knoxville, TN 37902. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

7. 21MC regularly demands money due on loans that are delinquent when 21MC first becomes involved with them.

8. 21MC uses the mails and telephone system in conducting its business.

9. 21MC is a debt collector as defined in the FDCPA.

**FACTS**

10. In 2011, plaintiff encountered financial hardships and filed a petition under Chapter 7 of the Bankruptcy Code, Case No. 11-85136 (N.D.Ill.). Plaintiff received a discharge on March 14, 2012.

11. Among the debts discharged was a second mortgage loan to GMAC Mortgage. The loan was obtained for personal, family or household purposes (housing).

12. The debt was scheduled in the bankruptcy (Appendix A).

13. GMAC Mortgage was notified of the bankruptcy (Appendix B) and the discharge (Appendix C).

14. 21MC became involved with the enforcement of the GMAC Mortgage debt subsequent to the discharge.

15. In October 2014, the first mortgagee filed a foreclosure action on plaintiff's property.

16. Plaintiff attempted to negotiate a deed in lieu of foreclosure on the first mortgage.

17. By letter of November 24, 2014, 21MC demanded payment of $19,258.37 to release its second mortgage. (Appendix D)

18. This demand does not represent any value of 21MC's lien.

2

19. 21MC's demand amounts to an attempt to collect the discharged debt.

20. 21MC knew that the debt was discharged.

21. 21MC also repeatedly wrote, emailed, and called plaintiff in an attempt to collect the discharged amount.

22. As a result of 21MC's conduct, plaintiff suffered actual damages, in that:

   a. He spent time and money dealing with 21MC;

   b. He was aggravated and harassed by 21MC; and

   c. He was deprived of his fresh start that was entitled to him under the bankruptcy code.

### COUNT I – FDCPA

23. Plaintiff incorporates paragraphs 1-22.

24. 21MC violated 15 U.S.C. §1692e, by demanding money on account of a discharged debt.

25. 21MC violated 15 U.S.C. §1692d, by harassing plaintiff with repeated communications after plaintiff informed 21MC that the debt had been discharged, that he was represented by counsel, and that he desired no further contact.

26. 21MC violated 15 U.S.C. §1692c, by communicating directly with a represented consumer.

27. 21MC may also have failed to send a notice of debt as required by 15 U.S.C. §1692g.

28. Section 1692c provides:

> **§ 1692c. Communication in connection with debt collection [Section 805 of P.L.]**
>
> **(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .**
>
> **(2) if the debt collector knows the consumer is represented by an attorney with**

**respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

29.　Section 1692d provides:

**§ 1692d.　Harassment or abuse [Section 806 of P.L.]**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)　Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. . . .**

30.　Section 1692e provides:

**§ 1692e.　False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)　The false representation of--**

**(A)　the character, amount, or legal status of any debt; . . .**

**(10)　The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

　　　　a.　Statutory damages;

　　　　b.　Actual damages;

　　　　c.　 Attorney's fees, litigation expenses and costs of suit; and

　　　　d.　 Such other and further relief as the Court deems proper.

## COUNT II – DISCHARGE INJUNCTION

31.　Plaintiff incorporates paragraphs 1-22.

32. 21MC's communications with plaintiff constitute a violation of the discharge.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    a. Actual damages;

    b. Punitive damages;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other and further relief as the Court deems proper.

## COUNT III – INVASION OF PRIVACY

33. Plaintiff incorporates paragraphs 1-22.

34. Defendant violated plaintiff's right to seclusion by harassing plaintiff to collect a debt he did not owe.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a. Actual damages, including general damages;

    b. Punitive damages;

    c. Costs of suit; and

    d. Such other or further relief as the Court deems proper.

                                s/Daniel A. Edelman
                                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

T:\31194\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

  Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


                s/Daniel A. Edelman
                Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                                     s/Daniel A. Edelman
                                                                     Daniel A. Edelman